Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Joseph Pantiliano,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X

Joseph Pantiliano, on behalf of himself
and all others similarly situated,

                Plaintiffs,

v.

Portfolio Recovery Associates, LLC

                Defendant.

---------------------------------------------------------X

**CLASS ACTION COMPLAINT**

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against the Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendant, Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that Portfolio's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Joseph Pantiliano is an individual natural person who at all relevant times resided in the City of Little Ferry, County of Bergen, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Portfolio, at all times relevant hereto, is and was a Limited Liability Company with offices located at 120 Corporate Blvd Norfolk, VA 23541.

10. Portfolio is a purchaser of defaulted debt. Portfolio's business model is to pay less than ten cents on the dollar for a defaulted debt and then seek to collect the full amount.

11. The principal purpose of Portfolio is the collection of debts using the mail and telephone.

12. Debt collection is the principal purpose of Portfolio's business.

13. Debt collection is Portfolio's only business.

14. Portfolio exists solely for the purpose of purchasing and then seeking to collect defaulted debt.

15. Portfolio does not offer or extend credit, they only purchase defaulted debt and then attempt to collect said debt.

16. Portfolio is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

17. Sometime in May of 2010, Plaintiff allegedly incurred a debt to Capital One related to a personal credit card account in Plaintiff's name (the "Debt").

18. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name.

19. The Debt arose out of a credit card account which Plaintiff opened for his personal use.

20. Plaintiff's credit card account that was issued by Capital One was neither opened nor used by Plaintiff for business purposes.

21. Plaintiff's personal credit card account Debt to Capital One is a "debt" as defined by 15 U.S.C. §1692a(5).

22. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

23. The Debt went into default because of non-payment.

24. After the Debt went into default, the Debt was purchased by Portfolio.

25. The Debt was in default when it was purchased by Portfolio.

26. Portfolio purchased the Debt from Capital One for less than the full amount Plaintiff allegedly owed and then sought to collect the full amount allegedly owed on the Debt.

27. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

28. On or about February 22, 2018, Portfolio mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit A is a copy of the letter dated February 22, 2018 that Portfolio mailed to the Plaintiff)

29. Portfolio mailed the letter dated February 22, 2018 attached as Exhibit A as a part of their efforts to collect the Debt.

30. Plaintiff received the letter attached as Exhibit A in the mail.

31. Plaintiff read the letter attached as Exhibit A upon receipt of the letter in the mail.

32. Exhibit A was sent in connection with the collection of the Debt.

33. Exhibit A seeks to collect the Debt.

34. Exhibit A conveyed information regarding the Debt including the Balance Due, Account number and a demand for payment.

35. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

36. The letter attached as Exhibit A is the first written communication Plaintiff received from Portfolio.

37. The letter attached as Exhibit A is the first written communication Portfolio sent to Plaintiff regarding the Debt.

38. Exhibit A represents Portfolio's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

39. Exhibit A states the balance of the Debt to be $1,297.74.

40. The letter attached as Exhibit A later states in relevant part:

   "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

   (see Exhibit A)

41. The letter attached as Exhibit A then states at the bottom of the letter:

   NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

42. On the reverse side of the letter attached as Exhibit A, the letter states in relevant part:

   **DISPUTES**: Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502.

   (emphasis in original)

43. Portfolio's collection practice is a high-volume practice.

44. Portfolio's debt collection practice is largely automated and utilizes standardized form letters.

45. Documents in the form represented by Exhibit A are regularly sent by Portfolio to collect debts from consumers.

46. Exhibit A is a standardized form letter.

47. Exhibit A is a computer-generated form letter.

48. Portfolio mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New Jersey consumers from whom Portfolio attempted to collect a consumer debt.

# CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692g)

49. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

50. The conduct of the Defendant in this case violates 15 U.S.C. §§1692, 1692g, 1692g(a)(3), and 1692g(b).

51. The FDCPA at §1692g(a)(3) requires a debt collector to:

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

52. Collection letters and/or notices, such as Exhibit A sent by Portfolio to Plaintiff, are to be evaluated by the objective standard of the "least sophisticated consumer."

53. It is well settled, in the Third Circuit, that a dispute of a debt, to be effective, must be in writing. *See* Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991).

54. In Caprio v. Healthcare Revenue Recovery Group, LLC 709 F.3d 142 (3d Cir. 2013) the Third Circuit held that a collection letter which notified a consumer "…if you feel you do not owe this amount, please call us toll free at 800-984-9115 or write us at the above address" violated the FDCPA because it can reasonably be read by a least sophisticated consumer to mean that they could dispute the debt by calling the debt collector.

55. Portfolio violated §1692g because the letter attached as <u>Exhibit A</u> (like the letter at issue in <u>Caprio</u>) can reasonably be read by a least sophisticated consumer to mean that they could dispute a debt by calling Portfolio. <u>Exhibit A</u> can reasonably be read by a least sophisticated consumer to mean that they could dispute a debt by calling Portfolio because the front of the letter specifically tells the consumer to "SEE REVERSE SIDE FOR IMPORTANT INFORMATION" and on the reverse side of the letter <u>it specifically tells the consumer that they may dispute their debt by calling Portfolio</u> by stating: "**DISPUTES**: Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502."

56. Exactly like the letter at issue in <u>Caprio</u>, Portfolio's letter attached as <u>Exhibit A</u> gave Plaintiff the option to dispute the Debt by telephone by stating, "**DISPUTES**: Call 1-800-772-1413 or…", and thus like the letter at issue in <u>Caprio</u>, the letter attached as <u>Exhibit A</u> violates the FDCPA.

57. A least sophisticated consumer upon reading the instructions in the February 22, 2018 letter attached as <u>Exhibit A</u> would be misled into believing that if they wished to effectively dispute their alleged debt or any portion thereof, they may either (1) call Portfolio at 1-800-772-1413 or (2) write to Portfolio at 140 Corporate Blvd., Norfolk, VA 23502.

58. The letter attached as <u>Exhibit A</u> by stating "**DISPUTES**: Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502" overshadowed the validation notice by providing an alternative option to dispute a debt by phone that is not in accordance with the statutory validation notice.

59. Like the Defendant in Caprio, Portfolio violated the FDCPA because the statement in their letter: "**DISPUTES**: Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502", can reasonably be read by a least sophisticated consumer to mean that they could dispute their debt by calling the number that Portfolio specifically provided in the letter to call in the event a consumer wished to dispute their debt.

60. Portfolio is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

**CLAIMS FOR RELIEF**

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(15 U.S.C. §1692e)**

61. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

62. The conduct of the Defendant in this case violates 15 U.S.C. §§1692 and 1692e.

63. The FDCPA at § 1692e provides:

> **§1692e.    False or Misleading Representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

64. Portfolio's debt collection letter attached as Exhibit A hereto is misleading or deceptive to the "least sophisticated consumer", and therefore violates 15 U.S.C. § 1692e(10) because Portfolio's instructions and statements in the letter are false, deceptive, and

8

misleading because, when read by the least sophisticated consumer, they could be read to have two or more meanings, where at least one or more meanings are inaccurate. According to Portfolio's letter attached as <u>Exhibit A</u>, if Plaintiff wished to dispute their alleged "$1,297.74" Debt, he may either:

(1) notify Portfolio of the dispute by calling the telephone number 1-800-772-1413 that Portfolio provided in the letter for disputes; or

(2) write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502.

65. As stated above, the statement that Plaintiff may call Portfolio at 1-800-772-1413 to dispute the Debt is false, misleading and deceptive because as <u>Caprio</u> explained, only a <u>written</u> dispute is legally effective, and as per the Third Circuit in <u>Caprio</u>, a letter that can reasonably be read by a least sophisticated consumer to mean that they could dispute a debt by calling a debt collector violates the FDCPA.

66. Like the letter at issue in <u>Caprio</u>, Portfolio's letter attached as <u>Exhibit A</u> is deceptive because it can be reasonably read to have two or more different meanings, one of which is inaccurate, *i.e.,* that Plaintiff could dispute the Debt by making a telephone call to the number that Portfolio provided in <u>Exhibit A</u> for making a dispute. Like in <u>Caprio</u>, the Validation Notice in <u>Exhibit A</u> was overshadowed and contradicted because the least sophisticated debtor would be uncertain as to their rights.

67. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was were mailed and directed to him.

68. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

9

69. Portfolio is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

70. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

71. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

72. The Class consists of (a) all individuals (b) with a New Jersey address (c) who were sent a letter from Portfolio in a form materially identical or substantially similar to letter attached as <u>Exhibit A</u> to the Complaint (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (f) where the letter stated in relevant part: "**DISPUTES**: Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502".

73. The class definition above may be subsequently modified or refined.

74. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

75. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges, that the Plaintiff class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, based on the fact that the complaint involves a form collection letter, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class they seek to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and

substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

  iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

  v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

76. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of each of the Plaintiff Class predominate over any questions affecting an individual member, and a

class action is superior to other available methods for the fair and efficient adjudication of the controversy.

77. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Counts I & II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

2. Adjudging that Portfolio violated 15 U.S.C. §§ 1692e, 1692e(10); 1692g, 1692g(a)(3), and 1692g(b).

3. An award of statutory damages for Joseph Pantiliano and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       March 16, 2018

                                  /s/ Ryan Gentile
                          By:_____
                                  Ryan Gentile, Esq.

*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (212) 675-4367
rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By:_____/s/ Ryan Gentile_____
      Ryan Gentile